UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIK ALONSO RAYGOZA,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT, et al.,<br><br>Respondents. | Case No. 2:26-cv-02221-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION AND BACKGROUND

On June 25, 2026, self-represented Petitioner Erik Alonso Raygoza filed this petition for a writ of habeas corpus, seeking a bond hearing or release from detention at the Northwest ICE Processing Center in Tacoma, Washington, where he has been in custody since early June 2026. Dkt. 1 at 1–2. The template used by Petitioner provides little information about his detention, but Respondents acknowledge in their response that he is a member of the *Rodriguez Vazquez v. Bostock* class. Dkt. 5 at 3. For this reason, the Court GRANTS the petition for writ of habeas corpus.

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the

preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III. DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Although the form petition filed by Petitioner does not expressly refer to the Court's decision in *Rodriguez Vazquez*, Respondents acknowledge that Petitioner "is a member of the *Rodriguez Vazquez* Bond Denial Class and that he has not yet had a bond determination hearing." Dkt. 5 at 3.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Petitioner is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Petitioner's mandatory detention under § 1225(b) thus violates the INA, entitling him to habeas relief in the form of a bond hearing. *See* 28 U.S.C. § 2241(c)(3). The Court therefore GRANTS the habeas petition.

## IV. CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within fourteen days of receiving Petitioner Erik Alonso Raygoza's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

3. If Petitioner is released, Respondents must return to him any personal property, including any personal identification document (other than a passport) and any employment authorization document.

4. Nothing in this order prevents an Immigration Judge from granting any request by Petitioner for a continuance in his bond proceedings.

Dated this 24th day of July, 2026.

Tiffany M. Cartwright
United States District Judge